**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 28 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ANTHONY MARQUEZ,

     Defendant - Appellant.

No. 96-5145
(D.C. No. 96-C-265-C)
(Northern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **BALDOCK** and **LUCERO**, Circuit Judges.

Petitioner Anthony Marquez, appearing pro se and having been granted leave to proceed in forma pauperis, requests a certificate of appealability to appeal the district court's dismissal of his motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255. We will not issue such a certificate unless an "applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.§ 2253(c)(2).

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In June of 1995, petitioner pled guilty to knowingly and intentionally possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  The district court sentenced him to 188 months imprisonment, a four year term of supervised release, and a $3,000 fine.  The sentence was calculated in accordance with the presentence report, which assumed the offense involved type-D methamphetamine.  No direct appeal was taken.  Instead, petitioner collaterally attacked his sentence under § 2255, contending that his attorney's failure to compel the government to make the requisite showing constituted ineffective assistance of counsel.

"The government bears the burden at sentencing of proving by a preponderance of the evidence the type of methamphetamine involved in the offense of conviction."  United States v. Gillis, Nos. 96-8003, 96-8030, 1997 WL 178935 at *1 (10th Cir. Apr. 15, 1997).  In this case, the government put forth no evidence on this issue at sentencing, but did submit a "Report of Drug Property Collected, Purchased or Seized" in response to petitioner's § 2255 motion.[2]  In turn, petitioner offered only conclusory allegations regarding the inadequacy of the government report.  Given these proffers, the district court found that the

---

[2]The report states that the substance seized from petitioner was type-D methamphetamine, with a purity of 97 percent.  The report was generated by a forensic chemist who tested the substance at a Drug Enforcement Administration laboratory.

government had carried its burden of proof with respect to the type of methamphetamine involved.

In order to prevail on an ineffective assistance of counsel claim, petitioner must demonstrate that his attorney's performance was so prejudicial "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). In light of the record before us, we conclude that petitioner has failed to make a substantial showing of the denial of his constitutional rights under this standard. Accordingly, he has not carried his burden under 28 U.S.C. § 2253(c)(2). We DENY petitioner's application for a certificate of appealability and DISMISS the appeal.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge